UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THOMAS CHRISTY,**

    **Plaintiff,**

                                                Case Number:

v.

**P & P LOGISTICAL SERVICES, INC.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Thomas Christy, by and through his undersigned counsel, brings this action for unpaid wages, liquidated damages, attorneys' fees/costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA") against Defendant, P & P Logistical Services, Inc. Plaintiff hereby alleges that Defendant violated the FLSA when it failed to pay him premium wages for all hours worked beyond 40 in a single workweek. In support of his complaint, Plaintiff states as follows:

**PARTIES AND JURISDICTION**

1.     Plaintiff is a resident of Pinellas County, Florida.

2.     Defendant is a Florida for-profit corporation operating in Florida as "P & P Logistical Services, Inc."

3.     Defendant is one is a large Florida logistics company and operates throughout Florida and other states.

4.     Defendant operates facilities in Hillsborough County, Florida.

5. Plaintiff worked as a non-exempt, hourly delivery driver for Defendant and performed related, non-exempt activities for Defendant in Hillsborough County, Florida. Therefore, Defendant is within this Court's jurisdiction.

6. Defendant is an employer as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways, and byways and products and supplies (that are used in connection with services provided to Defendant's customers) that do not originate from Florida.

7. Defendant advertises its services online via internet advertising websites, which are made available to persons outside the State of Florida.

8. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant's gross revenues far exceed $500,000 per year and is an operation that has considerable expertise in the logistics industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

9. At all material times relevant to this action, Plaintiff in his capacity as an employee was individually covered by the FLSA.

10. Plaintiff's duties involved interstate commerce, including but not limited to, working as delivery driver who regularly used roads, highways, and byways to perform the essential functions of his job.

11. Plaintiff was required to travel along highways and byways to conduct the essential functions of his job.

12. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, including those brought pursuant to the FLSA.

## **FACTS**

13. Plaintiff worked for Defendant as delivery driver during the three (3) years prior to the initiation of this lawsuit.

14. As a delivery driver, Plaintiff was required to travel along roads, highways, and byways to complete tasks assigned to him by Defendant.

15. Plaintiff did not manage two or more full-time employees, or the equivalent thereof, during his employment with Defendant.

16. Plaintiff did not exercise discretion as to matters of significance during his employment with Defendant.

17. In performing his duties as a delivery driver, Plaintiff was often required to work more than 40 hours in a single workweek in order to complete his assigned tasks.

18. Defendant knew that Plaintiff often worked more than 40 hours in a single workweek on numerous occasions.

19. Defendant maintained policies, practices, and procedures in which it discouraged employees from working more than 40 hours in a single workweek.

20. Defendant caused Plaintiff to work off-the-clock overtime hours.

21. Plaintiff was not paid premium wages for all of the hours he worked beyond 40 in a single workweek.

22. Defendant knew that Plaintiff worked off-the-clock in order to complete the tasks assigned to him, as Plaintiff worked as delivery driver whose actions were both open and obvious to Defendant. Moreover, Plaintiff's actions were documented on the company created route sheet.

23. Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single workweek and did not allow his to properly record all of his hours worked.

24. Plaintiff routinely worked more than 40 hours in a single workweek. However, many of Plaintiff's working hours were "off-the-clock" and were not properly recorded by Defendant.

25. Defendant failed, neglected, and refused to pay Plaintiff overtime pay at the premium rate for all hours worked beyond 40 in a single workweek.

26. As a result, Plaintiff often performed work for which he was not compensated. Many of Plaintiff's hours were not recorded, therefore Plaintiff neither received his regular rate nor his premium, overtime rate for all hours worked.

27. Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff wages, though Plaintiff habitually worked up to 45 hours a week or more since his hire.

28. As of this date, Plaintiff has still not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

29. Defendant violated both the plain text and the spirit of the FLSA by engaging in its illegal practice of requiring Plaintiff to work more than 40 hours in a single workweek without paying Plaintiff a premium wage for all hours worked beyond 40.

30. Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct requiring Plaintiff to work more than 40 hours in a single workweek was a

calculated attempt to extract additional work out of Plaintiff, at Plaintiff's expense, for the benefit of Defendant.

31. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions was made by Defendant to properly pay Plaintiff for all hours worked during his employment. Plaintiff worked over 40 hours per nearly every week during his employment with Defendant. The off-the-clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff premium wages.

32. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

33. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to his, true hours of work.

### COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, above.

35. Plaintiff was employed by Defendant as an hourly, non-exempt worker.

36. Defendant suffered and permitted Plaintiff to work for Defendant.

37. Plaintiff often worked more than 40 hours in a single workweek during the course of his employment.

5

38.     Plaintiff did not receive premium or overtime wages for all hours worked beyond 40 in a single workweek while employed by Defendant.

39.     Plaintiff was entitled to be paid a premium wage of one-and-one-half times his regular rate of pay for each hour worked beyond 40 in each workweek.

40.     During his employment with Defendant, Plaintiff worked overtime hours during most weeks but was not paid a premium rate.

41.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff his correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff have suffered damages plus incurring reasonable attorneys' fees and costs.

42.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with interest, costs, and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 9th day of January, 2019,

| **s/W. John Gadd**<br>W. John Gadd<br>FL Bar Number 463061<br>**Bank of America Building**<br>2727 Ulmerton Road-Suite 250<br>Clearwater, FL 33762<br>Tel- (727) 524-6300<br>Email- wjg@mazgadd.comb | **/S/ Kyle J. Lee**<br>Kyle J. Lee, Esq.<br>FLBN: 105321<br>LEE LAW, PLLC<br>1971 West Lumsden Road<br>Suite 303<br>Brandon, Florida 33511<br>Telephone: (813) 343-2813<br>Kyle@KyleLeeLaw.com |
|---|---|